UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

FARD RAHMAN GRAHAM,

    Plaintiff,

v.

YVONNE ROSE,

    Defendant.

_____/

Case No. 1:17-cv-1066

Honorable Robert J. Jonker

## **OPINION**

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Rose for failure to state a claim.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Richard A. Handlon Correctional Facility (MTU) in Ionia County, Michigan. Plaintiff sues Yvonne Rose, a librarian at that facility.

Plaintiff alleges that in December 2016, he intended to appeal a decision of the Michigan Court of Appeals. He asked Rose for a form to file an application for leave to appeal with the Michigan Supreme Court. He contends that the prison library at MTU contains a copy of the appropriate form in the State Appellate Defender's Office motion book. Rose refused to provide a copy of the form, asserting that she is not allowed to copy motions or applications from the books, because "Lansing said so." (Compl., ECF No. 1, PageID.4.) Plaintiff attempted to obtain a copy of the form from the Michigan Supreme Court, but by the time he received one, it was too late for him to file an appeal.

Plaintiff claims that Rose denied him his right of access to the courts. Plaintiff seeks damages and unidentified injunctive relief.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Defendant Rose denied him his right to access the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The state

is only required to provide inmates with the tools needed to "attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* In other words, the right of access to the courts "extends to direct appeals [in criminal cases], habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter,* 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

In addition, the the right of access to the courts only extends to non-frivolous actions. In other words, the underlying action allegedly impaired by Defendant must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353. Because the underlying action will not be tried independently, there is a "need for care on the part of the plaintiff in identifying, and by the court in determining, the claim for relief underlying the access-to-courts plea." *Christoner v. Harbury*, 536 U.S. 403, 416 (2002). Accordingly, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417-18 (footnote omitted).

Plaintiff does not allege what type of action he was pursuing on appeal in state court, let alone state his underlying claim "just as if it were being independently pursued." *See id.* at 417. Consequently, it is not possible to determine whether his intended appeal was frivolous, or whether it concerned his criminal conviction, a habeas corpus application, or a civil rights claim. In short, he has not satisfied the pleading requirements for an access-to-courts claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the action will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: ___December 15, 2017___          /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE